**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

TERRI S. ALPERT, et al.    )
           )
    Plaintiffs,   )
           )  No. 4:26-CV-218 HEA
   v.       )
           )
EAGLE FUND, III, et al.,   )
           )
    Defendants.  )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on review of the file and following two Orders Concerning Jurisdiction.  (ECF Nos. 9 and 12).

In their Complaint, Plaintiffs Terri S. Alpert and Bruce H. Alpert, in his capacity as trustee of The Terri S. Alpert Family Spray Trust, assert that there is federal subject matter jurisdiction in this case under 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.  (ECF No. 1 at 3). In an Order Concerning Jurisdiction dated February 26, 2026, the Court found Plaintiffs' Complaint is procedurally defective, because it does not contain sufficient allegations of jurisdictional facts to establish the existence of diversity jurisdiction. (ECF No. 9).  More specifically, the Court found the Complaint contains inadequate allegations concerning the relevant jurisdictional facts about Plaintiffs citizenship, because the Complaint alleges their state of residence and not their state of citizenship.

*Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987), *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777–78 (8th Cir. 2014) (finding, for individual parties, an allegation of residence is not the equivalent of an allegation of citizenship, and does not satisfy the pleading requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1)).

In addition, the Court found the Complaint contains inadequate allegations concerning the relevant jurisdictional facts about Defendants Eagle Fund III, LP's and Eagle Fund III-A, LP's citizenship. The Complaint alleges that Defendants Eagle Fund III, LP and Eagle Fund III-A, LP are limited partnerships formed under the laws of Missouri. There are also allegations that "[n]on-party Benjamin Geis [ ] serves as general partner in the fund" and he "also serves as general partner in Eagle [Fund] III-A[, LP]." (ECF No. 1 at 2-3). But there are no allegations as to the citizenship of Mr. Geis, and there is no other information regarding the other partners of Eagle Fund III, LP and Eagle Fund III-A, LP. Therefore, the Complaint contains inadequate allegations concerning the relevant jurisdictional facts about Defendants' citizenship. *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.,* 357F.3d 827, 829 (8th Cir. 2004); *Buckley v. Control Data Corp.*, 923 F.2d 96, 97 (8th Cir. 1991).

In the February 26, 2026 Order Concerning Jurisdiction, the Court ordered Plaintiffs to file an Amended Complaint that alleges facts establishing the citizenship of all parties to this action on or before March 6, 2026. On March 5, 2026, Plaintiffs moved for an extension of time to comply with the Court's order. They also requested

leave to conduct jurisdictional discovery.  Plaintiffs asserted that they were unable to determine the citizenship of the defendant limited partnerships, and they sought early discovery to ascertain this information.  The Court denied Plaintiffs' request to conduct early jurisdictional discovery as to the citizenship of the defendants, although the Court did grant Plaintiffs additional time to file an Amended Complaint.  The Court ordered Plaintiffs to file an Amended Complaint that alleges facts establishing complete diversity of citizenship by March 23, 2026.  Plaintiffs were warned that if they did not comply with the terms of the Order, their cause of action would be dismissed without prejudice for lack of subject matter jurisdiction. (ECF No. 12).  As of today's date, Plaintiffs have not filed an Amended Complaint.

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  "Federal courts are courts of limited jurisdiction.  The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enters., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted).  Statutes conferring diversity jurisdiction are strictly construed, *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction, here the plaintiffs.  *See McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936).  "When jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the citizenship of the

3

parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). "[T]he court may . . . insist that the jurisdictional facts be established or the case be dismissed[.]" *McNutt*, 298 U.S. at 189.

In their Complaint, Plaintiffs have failed to properly allege that there is federal subject matter jurisdiction in this case under 28 U.S.C. § 1332. The Complaint does not "set forth with specificity the citizenship of the parties." *Barclay Square Properties*, 893 F.2d at 969. *See also GMAC Com. Credit LLC,* 357 F.3d at 829; *Sanders*, 823 F.2d at 216. The Court, therefore, dismisses this cause of action without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned cause of action is dismissed without prejudice for lack of subject matter jurisdiction.

An appropriate Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 11th day of June, 2026.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

4